UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:15-cr-00019-JMS-CMM-11 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| MICHAEL MERRITT | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cr-00019-JMS-CMM |
| | ) | |
| MICHAEL MERRITT, | ) -11 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Michael Merritt has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 945. In addition, Mr. Merritt has asked the Court for the appointment of counsel. *Id.* at 6. For the reasons explained below, his motion is **DENIED**.

**I.**
**Background**

In November 2017, Mr. Merritt pled guilty to one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Dkt. 600 at 1. Between November 2012 and October 2015, Mr. Merritt received methamphetamine from a methamphetamine trafficking organization for distribution in the Vincennes, Indiana area. Dkt. 474 at 6. Mr. Merritt is responsible for the distribution of up to fifteen kilograms of a mixture or a substance containing a detectable amount of methamphetamine. *Id.*

On June 21, 2017, Mr. Merritt entered into a plea agreement with the United States under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Dkt. 474. Because Mr. Merritt had two or more prior felony drug convictions, under 21 U.S.C. §§ 841(b)(1)(A) and 851, he was subject to a sentence of life imprisonment. Dkt. 474. The parties stipulated that the amount of

2

methamphetamine attributable to Mr. Merritt was between five and fifteen kilograms. Dkt. 575. As such, the parties agreed that under the Sentencing Guidelines Mr. Merritt's base offense level was 34. *See* U.S.S.G. § 2D1.1(c)(3)); Dkt. 474; Dkt. 575. The parties reached no agreement as to the Chapter 4 adjustments under the Sentencing Guidelines, deciding instead for "such determination [to] be made by the Court." Dkt. 474. However, because Mr. Merritt had accepted responsibility, the parties agreed that Mr. Merritt was eligible for a three-level reduction under U.S.S.G. § 3E1.1, bringing his adjusted offense level to 31. Dkt 474. The Court sentenced Mr. Merritt to 216 months of imprisonment followed by five years of supervised release. Dkt. 600 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Merritt's anticipated release date (with good-conduct time included) as July 30, 2031. https://www.bop.gov/inmateloc/ (last visited March 25, 2024).

Mr. Merritt has filed a motion for compassionate release *pro se*. Dkt. 945. Mr. Merritt argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) he suffers from numerous serious medical issues which he claims are debilitating and life-threatening; and (2) he is receiving inadequate treatment for his conditions in BOP. Dkt. 946 at 6. He has also requested the appointment of counsel. Dkt. 945. The United States has filed an opposition to the motion for compassionate release. Dkt. 952. The motions are now ripe.

## II.
## Discussion

### A. Request for Counsel

In his motion, Mr. Merritt requested the appointment of counsel to represent him by marking a check box. Dkt. 945 at 6. Mr. Merritt does not provide any other information about his need for counsel. No statutory authority requires the Court to appoint defense counsel for a defendant pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th

Cir. 2021). Thus, any request for the appointment of an attorney from the federal public defender's office is denied.

The Court also finds that Mr. Merritt is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up). The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Merritt has not stated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for assistance with recruiting counsel must therefore be **denied**.

### B. Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the

statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Merritt argues that his medical conditions constitute an extraordinary and compelling reason for his release. Dkt. 946 at 6. He claims that he suffers from a number of conditions which are debilitating and life-threatening including a spinal cord injury, chronic quadriparesis, hyperthyroidism, chronic thyroid disease, neuropathy, cardiac arrythmia, hypertension, chronic peripheral edema, and chronic neuropathic pain. *Id.* He states that he has no feelings in his hands, feet, and midsection; he struggles with fine motor skills; and his physical condition has significantly deteriorated. *Id.*

As relevant here, under section 1B1(b)(1) of the recently amended United States Sentencing Guidelines, extraordinary and compelling reasons for release exist under the following two circumstances:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>   (i) suffering from a serious physical or medical condition,
>   (ii) suffering from a serious functional or cognitive impairment, or

5

>> (iii) experiencing deteriorating physical or mental health because of the aging process
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1)(A)–(B).

Mr. Merritt, however, has provided no evidence that he is suffering from a terminal condition and he has not met his burden to demonstrate that his ability to provide self-care is substantially diminished while in the BOP. He claims that following a severe basketball injury, his physical condition has deteriorated significantly. Mr. Merritt's medical records do indeed show that he suffered a serious injury in June 2022 which required spinal surgery and resulted in several complications including sepsis and a thyroid storm. Dkts. 946-3 at 2; 946-6 at 2; 946-8 at 2. However, his records also show that he has substantially recovered from his 2022 injury and surgery. By August 2022, his physical therapy notes indicate that he "is doing well now" and was regularly exercising though he still had issues with upper extremity strength. Dkt. 952-10 at 1. His records from November 2022 show some balance and weakness problems remained at that time, but he had returned to recreational activities including basketball. Dkt. 952-11 at 1.

In December 2022, Mr. Merritt consulted with a physician regarding continuing numbness and pain. Dkt. 946-1 at 2. He states that the doctor's recommendations were not followed up on by BOP staff. However, his records indicate that the MRI that was requested by the doctor was performed in February 2023 and showed that his spinal condition was "stable," and "grossly normal," with no disc herniation or evidence of focal neural impingement. Dkt. 952-15 at 1. His most recent medical records indicate that some nerve issues remain for which his physician has recommended another MRI for further evaluation. Dkt. 952-17 at 3. Moreover, a letter from a nurse practitioner familiar with Mr. Merritt's condition notes that, as of February 2024, Mr.

6

Merritt's daily activities are unaffected by his medical conditions, and he is able to move and function independently in prison. Dkt. 952-1 at 1. The evidence therefore shows that though his injury left him with serious complications, these issues have largely resolved and do not affect his day-to-day life in the BOP. Any remaining nerve symptoms are being treated. Though Mr. Merritt lists a number of other conditions from which he suffers, he provides no evidence that these conditions affect his ability to provide self-care. For these reasons, Mr. Merritt has not met his burden to show that his medical conditions render him unable to provide self-care while incarcerated and the Court does not find that he has established that his medical condition constitutes an extraordinary and compelling reason for his release, whether considered alone or in combination with any other reason.

Mr. Merritt also argues that he has been subjected to a lack of proper medical care in the BOP which has exacerbated his medical conditions. Dkt. 946 at 6. The recently amended sentencing guidelines permit the Court to find that extraordinary and compelling reasons for release exist where:

> The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration of health or death.

U.S.S.G. § 1B1.13(b)(1)(C).

Mr. Merritt, as indicated above, has not shown that there has been a failure to treat his medical conditions. While complications arose following his surgery, his issues have either resolved following treatment and physical therapy or treatment is ongoing for his continuing symptoms. With regard to his other conditions, his records indicate he is on medication to address these conditions. *See* dkt. 946-8 at 3. To the extent that Mr. Merritt claims that pauses in care or lack of expedited care have caused his conditions to worsen, such allegations might form the basis

for relief in a civil suit but are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Even if the Court were to assume that Mr. Merritt had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Merritt is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, he has a residence in which he can live if he were to be released, along with family and community support. Dkt. 946 at 5. Additionally, he has participated in educational programming while in the BOP. Dkt. 946-9 at 3. Weighing against him, Mr. Merritt committed a serious crime and has an extensive criminal history consisting of 30 prior convictions with six felony convictions including possession of a schedule II controlled substance, operating a motor vehicle while intoxicated causing serious bodily injury, intimidation, and dealing in cocaine. Dkt. 575 at 7–14. Further, Mr. Merritt is not scheduled to be released from prison until July 2031; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Merritt early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III.
### Conclusion

For the reasons stated above, Mr. Merritt's motion for compassionate release, and his request for the appointment of counsel, dkt. [945], are **denied**.

**IT IS SO ORDERED.**

Date: 3/26/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Michael Merritt
Register Number: 15701-028
FCI Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105